# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BLACKWARD PROPERTIES, LLC,

        Plaintiff,

VS.

BANK OF AMERICA,

        Defendant.
                                 /

CIVIL ACTION NO. 09-CV-12598

DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S AND NON-PARTY'S MOTION TO QUASH SUBPOENA TO THIRD PARTY (DOCKET NO. 24), DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS (DOCKET NO. 25) AND PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT (DOCKET NO. 31)

These matters come before the Court on three motions. The first motion is Defendant and Non-Party Jones, Lang LaSalle's Motion To Quash Subpoena To Third Party Jones, Lang LaSalle filed on January 20, 2010. (Docket no. 24). Plaintiff filed a Response In Opposition on February 5, 2010. (Docket no. 28). Defendant filed a Reply Brief in Support on February 12, 2010. (Docket no. 34). The second motion is Defendant's Motion For Protective Order And For Sanctions filed on January 25, 2010. (Docket no. 25). Plaintiff filed a Response in Opposition on February 5, 2010. (Docket no. 29). Defendant filed a reply Brief in Support on February 12, 2010. (Docket no. 33). The third motion is Plaintiff's Motion To Compel Production Of Documents From Defendant filed on February 5, 2010. (Docket no. 31). Defendant filed a response on February 22, 2010. (Docket no. 40). Plaintiff filed a Brief in Reply on March 8, 2010. (Docket no. 42). The parties filed a Joint Statement of Resolved and Unresolved Issues on March 12, 2010. (Docket no. 43). The matters were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §

636(b)(1)(A). (Docket nos. 26, 27, 37). The Court heard oral argument on March 22, 2010. The matters are ready for ruling.

**1.    Facts and Claims**

This case was removed from Oakland County Circuit Court on July 2, 2009. (Docket no. 1). Plaintiff brings this action claiming breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, unjust enrichment and fraudulent misrepresentation. Plaintiff alleges that it entered into a lease agreement on or about September 17, 2006 under which Defendant (LaSalle Bank, later Bank of America) was obligated to pay rent for a period of twenty years with a set per-square-foot rent for the first five years and adjustments for each of the following five-year periods. Under the agreement, Plaintiff was obligated to deliver to Defendant a building upon the Property. The term of the lease was to commence upon occupancy of the building by Defendant. Plaintiff alleges that Defendant promised to provide financing for the building and that Defendant would not allow another bank to provide financing for the project. Plaintiff alleges that Defendant never provided the construction financing and that Plaintiff has since lost hundreds of thousands of dollars in rental income resulting from terminating other tenants, has lost expected rental income exceeding $10 million and, as a result, the property has gone into foreclosure. (Docket no. 1).

There were four motions pending before the Court, docket nos. 24, 25, 31 and 32. The parties resolved docket no. 32, Defendant's Motion To Amend Scheduling Order and on March 4, 2010 the District Court entered a Stipulation To Amend Scheduling Order.

**2.    Defendant and Non-Party Jones, Lang LaSalle's Motion To Quash Subpoena Issued To Third Party Jones, Lang LaSalle (Docket no. 24)**

Plaintiff served a subpoena duces tecum on non-party Jones, Lang LaSalle (JLL) on or about December 29, 2009 seeking documents by January 8, 2010. JLL is a third-party property manager for Defendant's bank properties. (Docket no. 24). Of the categories of documents requested by Plaintiff's subpoena, Defendant asserts that all issues have been resolved except for the request for JLL's contract for facility management services with Defendant titled "General Services Agreement," and the request for JLL's invoices for those services.

Rule 45 allows a party to serve a subpoena commanding the person to whom it is directed to produce designated documents at a specified time and place. Fed. R. Civ. P. 45(a)(1)(A)(iii). No one is challenging the sufficiency of the subpoena. "A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). The time for compliance with Plaintiff's December 29, 2009 subpoena was January 8, 2010. (Docket no. 28-3). On January 4, 2010 JLL sent a letter to Plaintiff's counsel stating that all the documents had been turned over to Defendant Bank's attorney and JLL understood that Defendant had provided all responsive, non-privileged documents in JLL's possession and that JLL would "not be repeating that production." (Docket no. 28-4). JLL reaffirmed this position in a second letter dated January 14, 2010. These are not timely objections or responses under Rule 45.

Defendant and JLL argue that these two requests seek documents that are sensitive, proprietary business documents with no relevance to the claims at issue. Plaintiff argues that the documents "are relevant to determine if Bank of America's decision to not give Blackward Properties financing (as previously promised) was based on its desire to not go forward with the

3

Lease it had signed for prime property in downtown Birmingham, and its plan to close two other existing Birmingham branches to move into a new building to be constructed on the Blackward property." (Docket no. 43).

The discovery sought must be relevant to the claims or defenses. Fed. R. Civ. P. 26(b)(1). At the hearing Plaintiff's counsel explained that the documents are relevant to showing the relationship between JLL and Defendant, whether there were incentives to close bank branches, whether JLL was in charge of closing bank branches and what was the job and goal of JLL. Defendant produced the Agreement to the Court for in camera review and produced one exemplar of a redacted invoice. Upon review, the Court finds that the Agreement is relevant to the Plaintiff's claims. The Court has also considered the redacted invoice exemplar and finds that it is not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of relevant evidence. Fed. R. Civ. P. 26(b)(1).

Defendant and JLL also argue that the documents at issue are sensitive proprietary business information. Neither Defendant nor JLL has made any specific showing why these documents contain proprietary business information nor have they alleged any potential harm in producing the documents to Plaintiff. As Plaintiff points out, however, the parties have already entered into a protective order covering the production of confidential documents in this matter and the protective order defines "Producing Party" as "the party to this litigation or any third party that, pursuant to a request and/or subpoena . . . provides documents, testimony or other information." (Docket no. 15, 28-7). The Court will deny Defendant and JLL's Motion in part and order that only the Agreement be produced and be produced pursuant to the Protective Order.

**3.      Defendant's Motion For Protective Order and for Sanctions (Docket no. 25)**

4

Defendant seeks a protective order pursuant to Fed. R. Civ. P. 26(c) to enjoin the deposition of Kieth Cockrell, whom Defendant describes as a "high-level executive" at Defendant Bank of America. (Docket no. 25). Under Rule 26(c), Fed. R. Civ. P., a party may move for a protective order and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). A Court "must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

On December 28, 2009, Plaintiff served a Notice of Deposition for the deposition of Kieth Cockrell to be taken on January 28, 2010. (Docket no. 25-3). Defendant argues that Mr. Cockrell has no involvement in the issues raised by Plaintiff's claims. To support its argument, Defendant shows the following:

1) Plaintiff's principal, Mr. Blackward, acknowledged in his deposition that he never met nor spoke with Mr. Cockrell. (Docket no. 25-4, p. 237, 243-44).

2) Mr. Blackward stated at his deposition that he got Mr. Cockrell's name from his broker and from newspaper press when Bank of America took over LaSalle Bank. (Docket no. 25-4 p. 349-50).

3) Mr. Blackward sent an email to Mr. Cockrell's assistant, to be forwarded to Mr. Cockrell, which appears to be unsolicited by Mr. Cockrell, giving a status of the property and which neither Mr. Blackward nor his assistant acknowledged receiving. (Docket no. 25-4 p. 351, 25-5).

5

4) Deposition excerpt from Tom Darling stating that to his knowledge, Mr. Cockrell did not have any personal involvement in the project at issue. (Docket no. 25-12).

5) The only documents on which Mr. Cockrell's name appears are email chains wherein multiple Bank of America employees were trying to find out who had knowledge about the project. (Docket no. 25, 25-13).

With its Reply Brief, Defendant produced the affidavit of Mr. Cockrell, which sets forth specific representations supporting the assertion that he has no personal or unique knowledge with regard to this case. (Docket no. 33-5).

This District has denied motions to compel depositions of high-level corporate executives (or issued protective orders enjoining the same) where there is no showing that the corporate officer or high-level executive had "unique personal knowledge" of the facts at issue. *See Marsico v. Sears Holding*, No. 06-10235, 2007 WL 1006168 *1 (E.D. Mich. March 29, 2007); *Devlin v. Chemed Corp.*, No. 04-74192, 2005 WL 2313859 *1 (E.D. Mich. Sept. 21, 2005). Defendant argues that Plaintiff can obtain its discovery by less intrusive avenues than deposing Mr. Cockrell.

Plaintiff alleged in its brief that "[i]t is strongly and reasonably believed that Mr. Cockrell knows why Bank of America no longer wanted to lease a branch on the Blackward Property and what (sic) parameters the decision was based." Plaintiff's general arguments of relevance center around the premise that someone high-up at Bank of America made the decisions about what branches to open and close. Plaintiff argues that "[t]he only conceivable out from the Lease was preventing the building from being erected. Bank of America knew Blackward was relying on their promise to provide financing and thus, unilaterally opted to no longer provide it." (Docket no. 29).

Plaintiff argues that "[i]t is reasonably believed that Kieth Cockrell, in his capacity as Vice-President, has knowledge of the policies and decision-making of Bank of America." (Docket no. 29). Plaintiff also argues that the instant matter is distinguishable from other cases in which the Court did not allow the deposition of high-level executives and directors because in this case, Mr. Cockrell has unique knowledge and is a "hands-on" vice president.

At the hearing, Plaintiff's counsel argued that Mr. Cockrell lives only eight minutes from the bank, that this was a ten million dollar deal and that Mr. Cockrell is in charge of overseeing all of Bank of America's plans. Plaintiff's counsel was unable to further expound on the relevance of Mr. Cockrell's testimony and what basis he had for determining that Mr. Cockrell has unique personal knowledge of the facts at issue. Plaintiff's counsel did not know whether Plaintiff had ever served any written discovery inquiring as to who was in charge of making decisions regarding closing bank branches and financing or whether Plaintiff sought the information it seeks from Mr. Cockrell through other means of discovery.

Plaintiff's allegations of the relevance of Mr. Cockrell's testimony and whether he has unique personal knowledge are far too speculative and have no basis in any of the information discovered to date. Furthermore, some or all of the information which Plaintiff seeks from Mr. Cockrell could be obtained from other sources, despite Plaintiff having failed to pursue it by other means. The Court will grant Defendant's request for a protective order to prevent the deposition of Mr. Cockrell[1].    Defendant also asks for sanctions, arguing that it requested that Plaintiff

---

[1] This is not to say that if information comes to light by other means that Mr. Cockrell has unique personal knowledge of the facts at issue that his deposition should not be compelled at that time. Plaintiff has not, however, presented any information to show this and Defendant's showing weighs heavily against such a conclusion.

The Court also notes that Defendant's counsel stated that the first time Plaintiff's

7

withdraw the deposition or provide an explanation as to why Mr. Cockrell's deposition was necessary and what knowledge he possessed. (Docket no. 25). Defendant calls the deposition a fishing expedition and asks that the Court order Plaintiff to reimburse costs and attorneys fees incurred in drafting its motion. Rule 37(a)(5) setting forth the award of expenses applies to Rule 26(c) regarding protective orders. The Court will not award expenses in this matter. Although Plaintiff's intention to take Mr. Cockrell's deposition was both optimistic and ambitious without further specifying Mr. Cockrell's relevance or a basis for concluding that he has unique personal knowledge, the Notice of Deposition does not rise to the level of harassment or other bad faith conduct. Fed. R. Civ. P. 37(a)(5)(C).

**4.    Plaintiff's Motion To Compel Production Of Documents From Defendant, Request for Production Nos. 7, 8 and 10 (Docket no. 31)**

Plaintiff moves to compel documents from Defendant. (Docket no. 31). Plaintiff served its Second Set of Interrogatories and Request For Production of Documents on Defendant and Defendant produced Responses on January 27, 2010. (Docket no. 31). Plaintiff seeks to compel documents in response to Request Nos. 7, 8 and 10, to which Defendant objected.

Document Request No. 7 asks Defendant to "[p]roduce a copy of all contracts or agreements (including amendments) between Bank of America and Jones Lang LaSalle regarding Jones Lang LaSalle's handling real estate matters for Bank of America in Michigan." Defendant objected that the request is overly broad, vague, and ambiguous and asks for information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. It also argues that the documents are confidential and/or proprietary or subject to attorney client privilege or work product

---

financing was denied was on August 1 or 2, 2007, before Mr. Cockrell was involved and that Mr. Cockrell was never a LaSalle employee.

doctrine and states that none of the terms of the agreement with JLL refer to the Property at issue. The Agreement at issue was also sought by the subpoena which is the subject of the motion to quash, as discussed above. The Court notes that the Request is overly broad and unlimited as to time and at the hearing, Plaintiff agreed that the relevant time period was from January 1, 2006 to present. As set forth above, the documents are relevant and the Court will order Defendant to produce all contracts and agreements including amendments for the time period from January 1, 2006 to present, pursuant to the Protective Order.

Document Request No. 8 asks Defendant to "[p]roduce any and all documents reflecting discussions or consideration of closing existing Bank of America branches (or eliminating planned future bank branches) in Michigan from January 1, 2006 to present." Defendant gave the same objections that it made in response to Document Request No. 7, added that it produced documents regarding plans for the subject branch and how it may impact existing branches and argued that its plans "overall for its branches in Michigan, are simply not relevant." (Docket no. 31-3). Defendant supplemented its response and alleged that it produced the only documents that arguably related to the Property or Lease, which were business case documents indicating that potentially one or two existing, smaller branches may be closed when the subject branch was completed.

Plaintiff argues that the documents are relevant to its claim that the financing for the building on the Property was "revoked" because a plan was in place to eliminate the branch proposed for the Blackward Property. (Docket no. 31). Plaintiff's request is appropriately limited in scope of time. At the hearing, Plaintiff's counsel explained that the documents for plans throughout the state of Michigan are relevant to its theory that it was denied financing as Defendant's only way out of the lease. Defendant argues that the reason for denying the financing is irrelevant because there was

9

never a loan agreement in writing. The Court finds that Plaintiff's Request No. 8 is overly broad as written and that Plaintiff has not shown the relevance of branch plans for the entirety of Michigan to the planned branch at issue. Defendant has produced documents and a sufficient response to address the Blackward property. The Court will deny Plaintiff's Motion as to Request No. 8.

Document Request No. 10 asks Defendant to "[p]roduce all agendas and minutes of meetings of the Bank of America Occupancy Steering Committee (OSC) from January 1, 2006 to present." Defendant objects that the request seeks confidential and proprietary business information, is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and states that the "business case presented to OSC for the Lease at issue herein has been produced already." (Docket no. 31-3). Defendant produced a supplemental response in which it stated that there are no such documents and that OSC was a LaSalle Bank committee that ceased operations when BOA took over in late 2007. Defendant then elaborated on steps it took to locate the LaSalle Bank documents which it could not find. Defendant states that there are "no responsive documents to be produced" and produced an affidavit of the employee who undertook the search of a computer database using search terms "OSC," "Occupancy," "Blackward," "Birmingham," and "Woodward." Defendant has pointed out that there was no Bank Of America Occupancy Steering Committee. The Court finds that Defendant's supplemental response is sufficient and at the hearing, Plaintiff withdrew Request No. 10. No costs will be awarded. Fed. R. Civ. P. 37(a)(5)(A)(ii).

**IT IS THEREFORE ORDERED** that Defendant and Non-Party Jones, Lang LaSalle's Motion To Quash Subpoena To Third Party Jones, Lang LaSalle (docket no. 24) is GRANTED in part and the Court will quash Plaintiff's request for invoices. The remainder of the Motion To Quash (docket no. 24) is DENIED and Jones Lang LaSalle will produce within ten days of entry of this

order the agreement between itself and Bank Of America, including any amendments, pursuant to the Protective Order.

**IT IS FURTHER ORDERED** that Defendant's Motion For Protective Order (docket no. 25) is GRANTED in part and and Mr. Cockrell will not be deposed. The remainder of Defendant's Motion For Protective Order And For Sanctions is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Compel Production Of Documents From Defendant (docket no. 31) is GRANTED in part and Defendant will produce pursuant to the Protective Order all documents responsive to Document Request No. 7 from January 1, 2006 to present within ten days of entry of this Order. The remainder of Plaintiff's motion, including Request Nos. 8 and 10, is DENIED.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 24, 2010
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 24, 2010
s/ Lisa C. Bartlett
Case Manager